```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSEPH ABBOTT, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 11-2406 (JBS) |
| v. |  |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES:**

    JOSEPH ABBOTT, #782228A
    South Woods State Prison
    215 Burlington Rd. South
    Bridgeton, New Jersey  08302
    Petitioner Pro Se

**SIMANDLE**, District Judge:

    Joseph Abbott filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Cape May County, on December 14, 2000.[1]  For the reasons expressed below, and because the Petition, as drafted and read in light of the state court decisions attached to the Petition, shows that the claims are time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

---

[1] By order filed March 8, 2010, the Law Division corrected the judgment to reflect that attempt is a second-degree, rather than a first-degree, crime.  (Dkt. 1 at 50.)

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## I.   BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cape May County, on December 14, 2000, after a jury found him guilty of attempted aggravated sexual assault, attempted burglary, possession of a razor knife with the purpose to use it unlawfully, and unlawful possession of a knife.  The Law Division imposed an aggregate sentence of 20 years, with a parole ineligibility period of 10 years.  See State v. Abbott, Docket No. A-3331-00T4 opinion (N.J. Super., App. Div., Nov. 21, 2002) (Dkt. 1 at 18.).  Petitioner appealed, and on November 21, 2002, the New Jersey Superior

Court, Appellate Division, affirmed the conviction and sentence. Id.  The New Jersey Supreme Court denied certification on March 28, 2003.  State v. Abbott, 176 N.J. 74 (2003) (table).

Petitioner filed his first state petition for post-conviction relief on December 1, 2003.  (Dkt. 1 at 4.)  By order filed March 23, 2004, the Law Division denied the petition without prejudice.  (Dkt. 1 at 39.)  Petitioner filed his second petition for post-conviction relief in June 2006.  (Dkt. 1 at 45.)[2]  On February 23, 2010, the Appellate Division affirmed the order denying post-conviction relief but remanded to correct the judgment of conviction to show that attempt is a second-degree, rather than a first-degree, crime.[3]  See State v. Abbott, Docket No. A-5370-07T4 sl. opinion (N.J. Super. Ct., App. Div., Feb. 23, 2010) (Dkt. 1 at 48.)  The New Jersey Supreme Court denied certification on July 12, 2010.  See State v. Abbott, 203 N.J. 95 (2010) (table).

---

[2] Petitioner asserts that he filed the second post-conviction relief petition on December 1, 2006 (Dkt. 1 at 4), but the Appellate Division opinion states that the second petition was filed in June 2006 (Dkt. 1 at 45).  For the purposes of calculating the statute of limitations, this Court will presume the PCR petition was filed on the earliest possible date, i.e., June 1, 2006.

[3] The corrected judgment of conviction was filed in the Law Division on March 8, 2010.  (Dkt. 1 at 50.)

3

Petitioner executed the § 2254 Petition, which is presently before this Court, on April 15, 2011.  The Petition raises five grounds:

> Ground One:   THE VERDICT WAS AGAINST THE WEIGHT OF EVIDENCE.
>
> Ground Two:   THE EVIDENCE OF OTHER CRIMES WAS IMPROPERLY ADMITTED.
>
> Ground Three: THE JUDGE[']S CHARGE TO THE JURY WAS IMPROPER.
>
> Ground Four:  UNDER THE TEST DEVELOPED IN STRICKLAND/FRITZ THE DEFENDANT, WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Ground Five:  THE SENTENCE WAS MANIFESTLY EXCESSIVE.

(Dkt. 1 at 6, 7, 8, 10, 11.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court."
28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to
dismiss summarily any habeas petition that appears legally
insufficient on its face."  McFarland, 512 U.S. at 856.
Dismissal without the filing of an answer or the State court
record has been found warranted when "it appears on the face of
the petition that petitioner is not entitled to relief."  Siers
v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S.
1025 (1989); see also McFarland, 512 U.S. at 856; United States
v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may
be dismissed where "none of the grounds alleged in the petition
would entitle [the petitioner] to relief").

B.  Statute of Limitations

Prior to substantively examining the Petition or ordering an
answer, this Court will determine whether the Petition and
relevant state court decisions (which Petitioner submitted as
exhibits), show that the Petition is time barred.  See Day v.
McDonough, 547 U.S. 198, 209 (2006) ("we hold that district
courts are permitted, but not obliged, to consider, sua sponte,
the timeliness of a state prisoner's habeas petition"); Kilgore
v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir.
2008) (court may not sua sponte dismiss a § 2254 petition as time
barred on the ground that it lacks sufficient information to
establish timeliness, but may do so where untimeliness is clear

from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling.

See Holland v. Florida, 130 S. Ct. 2549 (2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).  As the Supreme Court explained,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction

relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 332 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Holland, 130 S. Ct. at 2560; Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618. "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner

must be taken into account." Pabon v. Mahanoy, ___ F. 3d ___, 2011 WL 2685586 at *12 (3d Cir. July 12, 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[4] "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted), but "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the behavior is egregious. Id. at 2562, 2564; see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

---

[4] For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." Pabon at *13. In Brinson v. Vaughn, 398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

9

"The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal citations omitted). However, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Abbott's judgment of conviction became final on June 26, 2003, when the time to file a petition for certiorari expired.  See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011).  The 365-day limitations period began the next day on June 27, 2003, and ran for 157 days until it was statutorily tolled upon Petitioner's filing of his first state petition for post-conviction relief on December 1, 2003.  (Dkt. 1, p. 4.)  The limitations period began to run again on March 24, 2004, the day after the Law Division denied Petitioner's first post-conviction relief petition and, in the absence of equitable tolling, it ran for 208 days until it expired at day 365 on

10

October 18, 2004.  Accordingly, in the absence of equitable tolling, the second state post-conviction relief petition did not statutorily toll the limitations period, because the second petition was filed on June 1, 2006 (at the earliest), see n. 2, more than twenty months after the limitations period had expired. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Although the Petition itself asks Abbott to explain why the Petition is not time barred under 28 U.S.C. § 2244(d), and includes the text of § 2244(d), Abbott provided no explanation for the late filing.  (Dkt. 1, p. 16.)  As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

Upon the fact of the petition itself, then, this matter is time-barred.  Nothing in Petitioner's submissions insinuates that

11

he was either prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights. Under these circumstances, equitable tolling of the statute of limitations does not appear to be even arguably warranted. And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time barred.

This Court, however, cannot extend to Petitioner the opportunity to show valid grounds for statutory and/or equitable tolling of the instant Petition, and Petitioner will have the opportunity to raise these grounds to show timeliness of his Petition. See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position). This Court will accordingly grant Petitioner thirty (30) days to file a written statement which sets forth detailed tolling arguments, or otherwise presents an argument that the Petition is not untimely.[5] This Court will administratively terminate the case

---

[5] Petitioner's tolling argument must account for the time between October 18, 2004 (when the 365-day limitations period expired), and June 1, 2006 (when Petitioner presumably filed his second state petition for post-conviction relief and statutory tolling presumably came into play). Moreover, because Petitioner did not execute his § 2254 Petition until April 15, 2011, which is 277 days after the New Jersey Supreme Court denied certification on his second post-conviction relief petition (on
(continued...)

at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.  See Wanger v. Hayman, Docket No. 09-6307 (SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied, C.A. No. 11-1375 (3d Cir. May 26, 2011); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).

C.   Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[5](...continued)
July 12, 2010), and statutory tolling presumably ended, Petitioner must also account for this 277-day period.

debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    U.S. District Judge

DATED: **July 27**, **2011**