```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSEPH ABBOTT, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil Action No. 11-2406 (JBS) |
| v. |  |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES:**

    JOSEPH ABBOTT, #782228A
    South Woods State Prison
    215 Burlington Rd. South
    Bridgeton, New Jersey  08302
    Petitioner Pro Se

**SIMANDLE**, Chief Judge:

    Joseph Abbott filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Cape May County, on December 14, 2000.  By Order entered July 28, 2011, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file a statement showing that the Petition is not time barred, and administratively terminated the case, subject to reopening.  On August 23, 2011, Petitioner filed a statement with various attachments in which he argues that the Petition should not be considered untimely.  For the reasons expressed below, this Court will reconsider whether the Petition is time barred, dismiss the

Petition as untimely after reconsideration, and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cape May County, on December 14, 2000, after a jury found him guilty of attempted aggravated sexual assault, attempted burglary, possession of a razor knife with the purpose to use it unlawfully, and unlawful possession of a knife.  The Law Division imposed an aggregate sentence of 20 years, with a parole ineligibility period of 10 years.  See State v. Abbott, Docket No. A-3331-00T4 sl. opinion (N.J. Super., App. Div., Nov. 21, 2002) (Dkt. 1 at 18.). Petitioner appealed, and on November 21, 2002, the New Jersey Superior Court, Appellate Division, affirmed the conviction and sentence.  Id.  The New Jersey Supreme Court denied certification on March 28, 2003.  State v. Abbott, 176 N.J. 74 (2003) (table).

Petitioner filed his first state petition for post-conviction relief ("PCR") on December 1, 2003.  (Dkt. 1 at 4.) By order filed March 23, 2004, the Law Division denied the petition.  (Dkt. 1 at 39.)  Petitioner did not appeal.

Abbott states that he handed his second PCR to prison officials for mailing to the Law Division on November 7, 2005.[1]

---

[1] The Superior Court, Appellate Division, states that the second petition was filed in June 2006. (Dkt. 1 at 45).

2

(Dkt. 4-1 at 5, 18, 20) (Dkt. 1 at 45).  He resent the second petition for post-conviction relief on May 31, 2006.  The Law Division denied relief, and Abbott appealed.  On February 23, 2010, the Appellate Division affirmed the order denying post-conviction relief but remanded for correction of the judgment of conviction to show that attempt is a second-degree, not a first-degree, crime.  See State v. Abbott, Docket No. A-5370-07T4 sl. opinion (N.J. Super. Ct., App. Div., Feb. 23, 2010) (Dkt. 1 at 48.)  The corrected judgment of conviction was filed in the Law Division on March 8, 2010.  (Dkt. 1 at 50.)  The New Jersey Supreme Court denied certification on July 12, 2010.  See State v. Abbott, 203 N.J. 95 (2010) (table).

   Petitioner executed the § 2254 Petition, and presumably handed it to prison officials for mailing to this Court, on April 15, 2011.  The Petition raises five grounds:

> Ground One:  THE VERDICT WAS AGAINST THE WEIGHT OF EVIDENCE.
>
> Ground Two:  THE EVIDENCE OF OTHER CRIMES WAS IMPROPERLY ADMITTED.
>
> Ground Three:  THE JUDGE[']S CHARGE TO THE JURY WAS IMPROPER.
>
> Ground Four:  UNDER THE TEST DEVELOPED IN STRICKLAND/FRITZ THE DEFENDANT, WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Ground Five:  THE SENTENCE WAS MANIFESTLY EXCESSIVE.

(Dkt. 1 at 6, 7, 8, 10, 11.)

By Order and accompanying Opinion filed July 27, 2011, this Court dismissed the Petition as untimely and denied a certificate of appealability.  This Court reasoned that Abbott's judgment of conviction became final on June 26, 2003, when the time to file a petition for certiorari expired.  See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011).  The 365-day limitations period began the next day on June 27, 2003, and ran for 157 days until it was statutorily tolled when Abbott filed his first state PCR on December 1, 2003.  This Court found that the limitations period picked up on March 24, 2004, the day after the Law Division denied Petitioner's first PCR and, in the absence of equitable tolling, it ran for 208 days until it expired at day 365 on October 18, 2004.  This Court explained that, in the absence of equitable tolling, the second state PCR did not statutorily toll the limitations period because the second petition was filed after the limitations period expired. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).  This Court noted that, although the Petition asked Abbott to explain why the Petition was not time barred under 28 U.S.C. § 2244(d), and included the text of § 2244(d), Abbott provided no explanation for the late filing. Since nothing in Petitioner's submissions insinuated that he was

either prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights, this Court found no basis for equitable tolling.  This Court ruled that the interests of justice would not be better served by addressing the merits of the grounds raised in the § 2254 Petition, and dismissed the Petition as untimely.  See Day, 457 U.S. at 210.

However, this Court permitted Abbott to submit a statement showing that the Petition is not time barred.  On August 23, 2011, the Clerk docketed Petitioner's response.  At this time, this Court will reopen the file, vacate the dismissal of the Petition, and consider whether it is timely.

## II.  DISCUSSION

A.  Statute of Limitations

The limitations period runs from the **latest of**

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>             (D) the date on which the factual predicate
>             of the claim or claims presented could have
>             been discovered through the exercise of due
>             diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  Abbott's judgment of conviction became final on June 26, 2003, when the time to file a petition for certiorari from the New Jersey Supreme Court's denial of certification on direct review expired.  See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011).  The statute of limitations began to run the next day on June 27, 2003.[2]

B.  Statutory Tolling

Section 2244(d)(2) of Title 28 requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

[2] Although Abbott's public defender who represented him on appeal from denial of his second state petition for post-conviction relief advised him on July 22, 2010, that his § 2254 "petition must be filed within one year of the date on the enclosed order of the New Jersey Supreme Court[, July 12, 2010,] the attorney's erroneous advice has no effect on the date on which the statute of limitations began, June 27, 2003.  This Court will consider whether the public defender's mistaken advice warrants equitable tolling in section II(C) of this Opinion.

6

An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted). As the Supreme Court explained,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

Abbott maintains that he filed his first state petition for post-conviction relief on December 1, 2003. If this Court were to assume for the sake of argument that this petition were "properly filed," then the 365-day limitations period ran for 157 days or from June 27, 2003, until December 1, 2003, when statutory tolling kicked in. The Law Division denied post-conviction relief on March 23, 2004, and Abbott did not appeal.

7

Under these circumstances, the statute of limitations would have picked up on March 24, 2004, (day 158) since on that date Abbott's petition for post-conviction relief was no longer "pending" in the New Jersey courts, and ran from March 24, 2004, until Abbott filed his second PCR petition in the Law Division.

Abbott stated in his Petition that he filed his second PCR petition on December 1, 2006.  (Dkt. 1 at 4.)  The PCR Appellate Division opinion states that the second PCR was filed in June 2006.  See State v. Abbott, Dkt. No. A-5370-07T4 sl. opinion at 2 (N.J. Super. Ct., App. Div., Feb. 23, 2010) (Dkt. 1 at 45).  In its original Opinion, this Court used the date of June 1, 2006.

In his response, Abbott asserts that he handed his second PCR to prison officials for mailing to the Law Division on November 7, 2005, but the Law Division never docketed the PCR. Abbott attached a mailing receipt dated November 5, 2005, as well as a letter to the Criminal Case Manager dated May 14, 2006, stating that the Law Division had "signed for" his PCR on November 7, 2005.  (Dkt. 4-1 at 18, 20.)  Under these circumstances, this Court will assume (without deciding) that Abbott filed his second PCR on November 7, 2005.  In that case, the statute of limitations picked up at day 158 on March 24, 2004 (the day after the Law Division denied his first PCR), and ran for 208 days until it expired on October 18, 2004, more than a year, before he filed his second PCR on November 7, 2005.  Thus,

in the absence of equitable tolling, the 365-day limitations period expired on October 18, 2004, before Abbott filed his second PCR on November 7, 2005, and before he filed his § 2254 Petition on April 15, 2011.

C.  Equitable Tolling

Abbott makes two equitable tolling arguments.  First, he argues that, contrary to his desire, his first PCR attorney improperly failed to appeal the Law Division's March 23, 2004, order denying his first PCR.  He contends in effect that the attorney in abandoned him when the firm dissolved in March 2004, as his file was never returned to him or the Office of the Public Defender and, despite his letter to the Law Division requesting appeal, no appeal was effected.  Second, Abbott argues that equitable tolling is warranted because his public defender erroneously advised him that he had one year from July 12, 2011 (the date on which the New Jersey Supreme Court denied certification on the denial of his second PCR Petition). (Dkt. 4-1 at 1.)  He reasons that the Petition is timely because he handed it to prison officials for mailing to this Court on April 15, 2011, within one year of July 12, 2010.

The AEDPA statute of limitations is subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at 618.  "A statute of limitations 'can be tolled when

9

principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).

When a petitioner seeks equitable tolling on the basis of attorney error, the Supreme Court has stated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does

10

not warrant equitable tolling."  Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted).  In Lawrence v. Florida, 549 U.S. 327 (2007), the Supreme Court unequivocally rejected the argument that "counsel's mistake in miscalculating the limitations period entitles [a petitioner] to equitable tolling.  If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline.  Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Id. at 336-37.

On the other hand, in Holland v. Florida, 130 S.Ct. 2549, the Supreme Court rejected the Eleventh Circuit's rule that, although an attorney may have been grossly negligent, an attorney's failure to satisfy professional standards of care can never warrant equitable tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part."  Id. at 2563 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008)).  Holding that "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the attorney misconduct is egregious, see Holland, 130 S.Ct. at 2562, 2564, the Supreme Court remanded to the Eleventh Circuit to determine whether the facts of record entitled Holland to equitable tolling, or whether an evidentiary

11

hearing was warranted, see id. at 2565. The Supreme Court distinguished the attorney's egregious professional misconduct in Holland's case from the garden variety negligent miscalculation of the statute of limitations by Lawrence's attorney:

> We have previously held that "a garden variety claim of excusable neglect," Irwin, 498 U.S., at 96, such as simple "miscalculation" that leads a lawyer to miss a filing deadline, Lawrence, supra, at 336, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts . . . suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired - two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client for over a period of years, despite various pleas from Holland that Collins respond to his letters.

Holland, 130 S.Ct. at 2564 (some citations omitted).

12

In rejecting the Eleventh Circuit's rigid rule, the Supreme Court cited several cases wherein courts of appeals found that "unprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary' even though the conduct in question may not satisfy the Eleventh Circuit's rule." Holland, 130 S.Ct. at 2564.  For example, the Supreme Court cited Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), where the Third Circuit ordered an evidentiary hearing as to whether a client who was "effectively abandoned" by his lawyer was entitled to equitable tolling, and Spitsyn v. Moore, 345 F.3d 796, 800-802 (9th Cir. 2003), where the Ninth Circuit found that equitable tolling was warranted where the lawyer denied client access to files, failed to prepare a petition, and did not respond to communications.

This Court finds that the public defender's erroneous advice to Abbott that he had one year from July 12, 2010, to file his § 2254 Petition, was not an extraordinary circumstance but a garden variety miscalculation of the limitations period.  Accordingly, Lawrence requires this Court to reject Abbott's contention that his Petition was timely because he filed it within 365 days of July 12, 2010.

On the other hand, the record indicates that Abbott's first PCR attorney effectively "abandoned" him, when she failed to file a notice of appeal from the Law Division order, failed to return

13

his file, and effectively disappeared upon the dissolution of her firm in March 2004. This Court will equitably toll the statute of limitations from March 23, 2003 (when the Law Division denied Abbott's first PCR) until November 7, 2005, when the second PCR was filed and statutory tolling kicked in.

Accordingly, the limitations period ran from June 27, 2003, for 157 days, until it was statutorily tolled during the pendency of the first PCR, from December 1, 2003, until April 23, 2004. The limitations period was equitably tolled from March 23, 2004, until November 6, 2005, and was statutorily tolled from November 7, 2005, until July 12, 2010, when the New Jersey Supreme Court denied certification. The limitations period picked up again at day 158 on July 13, 2010, and ran for 208 days until it expired at day 365 on February 7, 2011. Because Abbott did not execute his § 2254 Petition until April 15, 2011, 67 days after the statute of limitations expired, the Petition is untimely, even with equitable tolling. This Court finds that reaching the merits is not in the interest of justice, and will dismiss the Petition as time barred. Cf. Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is

14

broken, and the extraordinary circumstances therefore did not prevent timely filing") (quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)).

D.  <u>Discretion to Sua Sponte Raise Timeliness</u>

Finally, this Court will consider whether the Supreme Court's recent decision in <u>Wood v. Milyard</u>, 132 S.Ct. 1826 (2012), prevents this Court from sua sponte dismissing the Petition as untimely.  In <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006), the Supreme Court "h[e]ld that district courts are permitted, but not obliged, to consider, <u>sua</u> <u>sponte</u>, the timeliness of a state prisoner's habeas petition."  In <u>Wood</u>, the District Court did not consider timeliness and ruled on the merits after the State had twice informed the District Court that the State "'will not challenge, but [is] not conceding' the timeliness of [the] petition."  <u>Wood</u>, 132 S.Ct. at 1834.  The Tenth Circuit nevertheless sua sponte raised the statute of limitations on appeal and held that the petition was untimely.  The Supreme Court found that the Tenth Circuit had abused its discretion:  "Although a court of appeals has discretion to address, *sua sponte*, the timeliness of a habeas petition, appellate courts should . . . abstain from entertaining issues that have not been raised and preserved in the court of first instance[, particularly] when the appellate court itself spots an issue the parties did not air below, and therefore would not have

anticipated in developing their arguments on appeal." Wood, 132 S.Ct. at 1834.[3] Citing Day, the Supreme Court nevertheless confirmed that district courts "have the authority - though not the obligation -" to sua sponte consider timeliness, even where the State negligently conceded that the petition was timely, provided the petitioner is accorded a fair opportunity to present his position. Id.

This Court has the discretion to sua sponte consider the timeliness of Abbott's Petition, see Day, 547 U.S. at 209 ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte), and Wood v. Milyard does not limit this Court's discretion. See Johnston v. Chappell, 2012 WL 2501158 (N.D. Cal. June 27, 2012) (holding that, after Wood v. Milyard, untimely

---

[3] "When a court of appeals raises a procedural impediment to disposition on the merits, and disposes of the case on that ground, the district court's labor is discounted and the appellate court acts not as a court of review but as one of first view." Wood, 132 S.Ct. at 1834.

habeas petition may be dismissed sua sponte under Habeas Rule 4, provided district court gives petitioner notice and opportunity to respond); Sakellaridis v. Warden, Corcoran State Prison, 2012 WL 2374562 (C.D. Cal. June 22, 2012) (same).

E. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.


                                    **s/ Jerome B. Simandle**
                                    **JEROME B. SIMANDLE**
                                    Chief Judge


DATED:    **July 23**    , **2012**